IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR 2 9 2013

CLERK, U.S. DISTRICT COURT
By_____
          Deputy

UNITED STATES OF AMERICA      §
                              §
VS.                           §      NO. 4:13-CV-013-A
                              §      (NO. 4:10-CR-190-A)
                              §
FAIRADE DORSEY                §

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on to be considered the motion of movant, Fairade

Dorsey, under 28 U.S.C. § 2255 to vacate, set aside, or correct

sentence and a memorandum of law in support ("Mem.").  The

government filed a response, and movant filed a reply.  Having

now considered all of the parties' filings, the entire record of

this case, and applicable legal authorities, the court concludes

that the motion should be denied.

I.

<u>Background</u>

Starting in November 2009, movant was investigated for

currency counterfeiting and drug distribution.  In November 2009,

officers from the Fort Worth Police Department arrested one

Trakea Harris ("Harris") when she tried to pass six counterfeit

twenty-dollar bills at a service station.  Harris told Secret

Service officers that she obtained the bills from movant.

A few days later, as part of a Secret Service operation, Harris met movant to obtain additional counterfeit notes. Movant gave Harris ten counterfeit twenty-dollar bills. Movant was placed under arrest. While movant was out on bond, the Secret Service called movant while he was at a home at 7701 Benares Court, Fort Worth, Texas ("Benares Court"). Movant indicated he had "found" some counterfeit one-hundred-dollar bills at the residence; the serial number on the bills had the same serial number as others that had been passed in Fort Worth.

Based on the foregoing, on December 7, 2009, the Secret Service and officers from the Fort Worth Police Department executed a search warrant at the Benares Court residence. Among items seized were a twelve-gauge shotgun located underneath a sofa cushion on which movant was sitting.

On December 17, 2010, movant pleaded guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On April 1, 2011, the court sentenced movant to a term of imprisonment of 120 months, to run consecutive to any sentence imposed in movant's state court case where charges were then pending. Movant appealed, and the United States Court of Appeals for the Fifth Circuit affirmed. <u>United States v. Dorsey</u>, 467 F. App'x 304 (5th Cir. 2012). The United States Supreme Court

2

denied certiorari.

## II.

### Grounds of the Motion

In the motion movant asserted four grounds for relief. The first ground alleges that he was denied effective assistance of counsel because his attorney, Matthew Belcher ("Belcher"):[1] failed to investigate and consult with movant and witnesses concerning the facts, failed to file a motion to suppress the search of Benares Court, where Agnes Brown ("Brown") lived and where the firearm was found, failed to disclose the elements of the crime to movant, coerced the plea agreement, and failed to adequately prepare to present mitigation evidence at sentencing. For the second ground, movant alleges that Belcher was ineffective because he permitted movant's conviction to be obtained by use of evidence gained pursuant to an unconstitutional search.

The third ground alleges that movant's conviction was obtained by a guilty plea that was not knowing and voluntary.

---

[1]On December 21, 2010, Peter Fleury ("Fleury") replaced Belcher as movant's attorney. However, at a hearing on March 30, 2011, the court granted movant's request to proceed pro se at sentencing and appointed Fleury as standby counsel. Movant represented himself during sentencing proceedings on April 1, 2011. Although most of movant's allegations and grounds for relief appear to pertain to Belcher's representation, the court will also refer to Fleury where applicable in this memorandum opinion and order.

And the fourth ground contends that the presentence report miscalculated items relevant to movant's sentence, so that his sentence resulted from "arithmetical technical and clear error." Mot. at 6.

As the factual basis for the first ground, movant claims that Belcher wrongly persuaded him to plead guilty to possession of a shotgun by erroneously advising him about constructive possession of a firearm, and that Belcher underestimated his sentencing exposure and failed to object to errors in the presentence report. Movant contends Belcher failed to investigate relevant facts and present certain evidence and witnesses, such as:  calling the owner of the apartment where the firearm was found to testify that movant had no knowledge and possession of the weapon; calling the owner of the firearm as a witness to testify to its ownership; obtaining a copy of the lease agreement to show ownership of the Benares Court property; obtaining a copy of movant's driver's license that would have shown a Louisiana address; not obtaining fingerprints from the firearm; and not interviewing character witnesses about movant's history in the ten years following his parole.

As the factual basis for the second ground, movant contends that the affidavit of Officer Anderson ("Anderson") in support of

4

the search warrant contained false information and failed to establish probable cause. Movant maintains that on that basis, Belcher was ineffective for failing to file a motion to suppress the shotgun pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154 (1978).

The factual basis of the third ground is a claim of "factual innocence." Movant contends he did not reside at the Benares Court home where the firearm was found. Instead, he was only an overnight guest. Movant alleges he had no knowledge of where the gun was kept in the house, thereby demonstrating that an insufficient factual basis existed to show he had constructive possession of the shotgun.

Finally, as the factual basis for the fourth ground, movant maintains that the presentence report contained inaccurate information, but at sentencing Fleury failed to raise any objections. The court permitted movant to represent himself at sentencing, but then did not allow movant to raise any objections. The only offense to which movant pleaded guilty was possession of a firearm found during a search on December 7, 2009, and the court improperly used additional, uncharged conduct in determining his sentencing guideline.

III.

## Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

IV.

## None of the Grounds Has Merit

A. Legal Standards Applicable to Claims of Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, movant must establish that counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). To prevail on such a claim movant must show (1) that counsel's performance was deficient, and (2) movant was prejudiced by counsel's errors. Id. at 687. Prejudice means that movant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Id. at 694. Both prongs of the Strickland test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. Id. at 687, 697. Further, to demonstrate prejudice in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Judicial scrutiny of such a claim must be highly

deferential, and movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. The court must attempt "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. Counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

B.   Merits

1.   First Claim of Ineffective Assistance of Counsel[2]

The main thrust of this claim is that Belcher did not do enough to help movant prove he did not possess the shotgun found during a search at the Benares Court home. None of the laundry-list of Belcher's purported errors identified under the first ground in the motion constitute ineffective assistance.

---

[2]The second ground for relief alleges that the evidence used for conviction was obtained by an unlawful search of Brown's home. Movant contends that Belcher should have moved to suppress the evidence. The failure to file a motion to suppress was also raised as part of the first ground for relief. For efficiency, the court will address the issue under the second claim of ineffective assistance.

8

First, the witnesses and "facts" Belcher allegedly failed to investigate all pertain to ownership of the firearm and whether movant resided at the Benares Court home where the firearm was found. Mem. at 11. Movant failed to show he was prejudiced by Belcher's omissions because he has not shown how the outcome of the proceeding would have been different. Movant signed the factual resume wherein he admitted that the shotgun was found during a search of his residence. During his rearraignment hearing, movant further admitted that he knew the firearm was in the house and also admitted he would have been able to access it had he asked his common-law wife where it was stored. Even when the court challenged the government's attorney as to whether movant had admitted he was guilty of the offense, movant interrupted the court's questioning:

> THE DEFENDANT: Excuse me, sir. I admit my guilt to it.

Rearraignment Tr. at 22. Upon further questioning by the court, movant persisted in his contention that he understood he constructively possessed the shotgun, and he pleaded guilty to the elements of the offense. Id. at 22-24, 32. Evidence to establish ownership of the shotgun, such as what the apartment owner would have said about its owner, or whether movant's

fingerprints were on the gun, was unnecessary to establish movant's constructive possession thereof. And because movant stipulated that the Benares Court home was his residence, nothing was to be gained by Belcher presenting the court with movant's Louisiana driver's license.

Second, even if movant correctly asserted that Belcher did not disclose the elements of the offense, he cannot show prejudice. The factual resume, which is signed by both movant and Belcher, plainly lists the elements of the offense. During movant's rearraignment hearing, movant testified that he had read and signed the plea agreement and factual resume, discussed them with his lawyer, and understood their legal significance. Rearraignment Tr. at 14-15. During the rearraignment hearing the court read out loud the elements of the offense, including that movant "knowingly possessed a firearm." Id. at 15-16. The elements of the offense were thus presented to movant on multiple occasions prior to, and during, his rearraignment hearing.

Next, movant's claim that Belcher coerced the plea agreement is likewise without merit. Much of this claim is based on movant's contentions that he neither possessed the shotgun nor resided at the Benares Court home, but that notwithstanding these facts, Belcher persuaded him to plead guilty. Movant also claims

10

that Belcher underestimated his sentencing exposure.

The entire record in movant's criminal action shows that
Belcher's assessment of movant's case was correct.  The shotgun,
possession of which constituted the offense of conviction in
movant's criminal case, was found during a December 7, 2009
search of the Benares Court home on an unrelated matter.  The
shotgun was found under a seat cushion where movant was sitting.
During the December 7, 2009 search two pieces of mail were also
found that were addressed to movant at Benares Court.  And movant
was present at Benares Court on two separate occasions, several
months apart, when law enforcement officials executed searches at
the home and where additional firearms were found.  Based on
these facts and movant's admissions, the Fifth Circuit found a
sufficient factual basis to conclude movant constructively
possessed the shotgun.  Dorsey, 467 F. App'x at 306.  Considering
all of the foregoing, movant cannot show Belcher was ineffective
for encouraging him to plead guilty.

Nor is there support in the record for movant's contention
that Belcher underestimated movant's sentencing exposure.  As an
initial matter, this claim is conclusory, in that movant fails to
state what Belcher told him the possible sentencing exposure
might be or how it was erroneous.  Conclusory assertions cannot

11

sustain a claim of ineffective assistance of counsel.  <u>See</u> <u>Miller</u>
<u>v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000).

   In any event, movant cannot show he was prejudiced by any
alleged underestimate, because the factual resume and plea
agreement both clearly stated that movant faced a maximum of ten
years' imprisonment.  As noted, at movant's rearraignment hearing
he testified that he had read and signed both documents and
discussed them with his attorney. During the rearraignment
hearing counsel for the government read aloud the plea agreement,
again stating that movant faced a term of imprisonment of up to
ten years.  The court repeated the portion of the plea agreement
that gave the maximum ten-year term of imprisonment, and movant
testified that he understood he was subjecting himself to such
punishment.  Rearraignment Tr. at 26-27.  After repeatedly
acknowledging that he understood he faced a maximum of ten years'
imprisonment, movant persisted in his guilty plea, and the court
expressly found that movant's plea was knowing and voluntary.
<u>Id.</u> at 31-32.  Thus, movant cannot prevail on this portion of his
claim.

   Finally, movant's claim that Fleury failed to adequately
prepare or present mitigating evidence at sentencing is without
merit.  Movant knowingly and voluntarily waived his right to

12

counsel and appeared at his sentencing hearing <u>pro</u> <u>se</u>.[3]  While
the court may appoint standby counsel to assist a criminal
defendant appearing <u>pro</u> <u>se</u>, and the court in fact appointed
Fleury as movant's standby counsel at movant's sentencing
hearing, there is no constitutional right to the appointment of
standby counsel.  <u>United States v. Oliver</u>, 630 F.3d 397, 413 (5th
Cir. 2011).  Accordingly, without a constitutional right to
standby counsel, movant had no right to effective assistance of
such counsel.  <u>See</u> <u>id.</u> at 414; <u>see</u> <u>also</u> <u>Simpson v. Battaglia</u>, 458
F.3d 585, 597 (7th Cir. 2006); <u>United States v. Morrison</u>, 153
F.3d 34, 55 (2nd Cir. 1998).

         2.   <u>Second Claim of Ineffective Assistance of Counsel</u>

     Movant contends Belcher was ineffective for not seeking to
suppress evidence seized from the search of the Benares Court
home pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154 (1978).  To
prevail on a claim of ineffective assistance due to counsel's
failure to move for suppression of evidence, movant must show, in
addition to the requirements of <u>Strickland</u>, "that his Fourth
Amendment claim is meritorious and that there is a reasonable
probability that the verdict would have been different absent the

---

[3]The government's response identifies Belcher as standby counsel.  However, as noted
previously, on December 21, 2010, Fleury was substituted as counsel in place of Belcher.  The error is
immaterial to the court's resolution of the motion.

excludable evidence." <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 375

(1986). Notably, the "failure to file a suppression motion does

not constitute per se ineffective assistance of counsel." <u>Id.</u> at

384.

A "presumption of validity" attaches to the affidavit

supporting a search warrant. <u>Franks</u>, 438 U.S. at 171. To obtain

an evidentiary hearing on an allegedly deficient warrant and

affidavit,

> the challenger's attack must be more than conclusory
> and must be supported by more than a mere desire to
> cross-examine. There must be allegations of deliberate
> falsehood or of reckless disregard for the truth, and
> those allegations must be accompanied by an offer of
> proof. They should point out specifically the portion
> of the warrant affidavit that is claimed to be false;
> and they should be accompanied by a statement of
> supporting reasons. Affidavits or sworn or otherwise
> reliable statements of witnesses should be furnished,
> or their absence satisfactorily explained.

<u>Id.</u> Movant bears the burden of showing by a preponderance of the

evidence that any misstatements in, or omissions from, the

affidavit resulted from more than negligence or innocent mistake.

<u>United States v. Runyan</u>, 290 F.3d 223, 234 n.6 (5th Cir. 2002).

Movant has failed to make the required showing.

The majority of movant's contentions concerning the contents

of the affidavit submitted by Anderson in support of the search

warrant are conclusory and unaccompanied by any offer of proof.

14

As to other purported omissions, movant attached a statement submitted to Special Agent Owen by Harris.  Harris identified movant as the source of counterfeit currency, the attempted use of which led to her arrest.  Movant claims that Anderson omitted Harris's statement that she only attempted to pass the counterfeit currency because she was going through a financial hardship.  However, this statement has no bearing on whether there was probable cause to believe movant was making and distributing counterfeit notes.

Similarly, movant claims Anderson omitted from the affidavit movant's statement to Owen that Harris gave movant the counterfeit notes a few weeks earlier.  In the affidavit, Anderson described how, when movant was arrested, he claimed he received the counterfeit notes from "some Mexican" but was unable to provide any other information about the individual.  Mem., App. D.  When movant was out on bond following his arrest, Owen contacted movant at the Benares Court home, and movant admitted he had "found" additional counterfeit notes there.  All of the counterfeit notes obtained from Harris, as well as those found inside the Benares Court home, had the same serial number as other counterfeit notes that had been passed throughout Fort Worth.  When asked where he obtained the counterfeit notes,

15

movant "was unable to provide an answer," id., leaving Anderson
with movant's inconsistent and contradictory statements about the
origin of the counterfeit notes. In light of the foregoing, as
well as the credible information provided by Harris and other
information set forth in the affidavit, the omission of movant's
statement was immaterial.

As the foregoing examples demonstrate, movant has failed to
show by a preponderance of the evidence that the affidavit
supporting the search warrant contained materially false
statements that were the "product of deliberate falsehood or of
reckless disregard for the truth," or that it suffered from
omissions "made intentionally or with a reckless disregard for
the accuracy of the affidavit," as required by Franks. Runyon,
290 F.3d at 234 n.6 (internal quotation marks, brackets, and
citations omitted). Because any motion to suppress would have
failed, Belcher was not ineffective for failing to assert a
meritless motion. Smith v. Puckett, 907 F.2d 581, 585 n.6 (5th
Cir. 1990).

C.   Third Ground for Relief

In the third ground movant contends that he did not
knowingly possess the firearm, so that the factual basis
underlying his guilty plea was constitutionally deficient.
Movant raised this exact issue on direct appeal. The Fifth

16

Circuit, however, "[l]ooking at the entire record," affirmed,

concluding that

> the factual basis was sufficient. Dorsey admitted that
> he "knowingly possessed" the gun. He also admitted that
> he knew that the gun was in his house and that he would
> have been able to access it had he asked his common-law
> wife where it was being stored. Moreover, the
> presentence report (PSR) reported that the gun was
> found under a sofa cushion that Dorsey was sitting on
> during the search of the house and that a search of the
> house four months later turned up a second gun under a
> sofa cushion as well as a third gun. This evidence
> supports an inference that Dorsey had knowledge of and
> access to the gun and thus that he constructively
> possessed it.

Dorsey, 467 F. App'x at 306. It is well-settled that issues

raised and disposed of on appeal cannot be raised in a motion

pursuant to § 2255. United States v. Kalish, 780 F.2d 506, 508

5th Cir. 1986). Accordingly, movant is barred from raising this

issue in his § 2255 motion.

D.   Fourth Ground for Relief

To the extent movant in ground four contends Fleury was

ineffective for failing to object at sentencing to alleged errors

in the presentence report, as discussed previously, movant waived

his right to counsel, and he was not entitled to constitutionally

effective assistance of standby counsel.[4]   Oliver, 630 F.3d at.

---

[4]The government's response identifies Belcher as standby counsel. However, as noted
previously, on December 21, 2010, Fleury was substituted as counsel in place of Belcher. The error is
immaterial to the court's resolution of the motion.

17

To the extent movant is complaining about application of the sentencing guidelines to his case, such claims are not cognizable under § 2255. <u>United States v. Segler</u>, 37 F.3d 1131, 1134 (5th Cir. 1994).

V.

<u>Order</u>

Therefore,

The court ORDERS that the motion of Fairade Dorsey to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 29, 2013.

JOHN McBRYDE
United States District Judge